IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| TYLER WATERS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | FEDERAL EMPLOYERS' |
| ) | LIABILITY ACT |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | LOCOMOTIVE INSPECTION ACT |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Tyler Waters, by and through counsel, states as follows for his complaint against Defendant Union Pacific Railroad Company:

## COUNT I – FEDERAL EMPLOYERS' LIABILITY ACT

1. This action arises under the provisions of 45 U.S.C. §§ 51-60, commonly known as the Federal Employers' Liability Act, for injuries which occurred on or about September 29, 2012 as a result of unsafe working conditions while Plaintiff was working as a conductor in defendant's Herington, Kansas yard in Dickinson County, Kansas.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue of this action properly lies in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District and Division and engages in the interstate operation of a railroad within the State of Kansas and this Division.

4. Defendant is a corporation organized and existing under the law and operates a railroad business in several states, including the State of Kansas.

5. Plaintiff is a resident of Council Grove, Kansas.

6. Plaintiff, a conductor employee of Defendant, was working in furtherance of Defendant's interstate transportation and commerce at the time of his injury on or about September 29, 2012.

7. On or about September 29, 2012, Plaintiff was employed by Defendant as a conductor and was performing his duties in the course of his employment in Defendant's Herington, Kansas yard. Plaintiff was walking on stairs located on Defendant's locomotive and fell due to water and/or other slipping hazards on the locomotive floor and walkway, resulting from, *inter alia*, water leaking from a defective refrigerator.

8. Plaintiff's injuries were caused, in whole or in part, by one or more of the following violations of federal railroad safety laws and negligent acts or omissions of Defendant, its servants, agents, and/or employees:

   a. Defendant failed to provide Plaintiff with reasonably safe working conditions;

   b. Defendant failed to provide Plaintiff with reasonably safe methods of work;

   c. Defendant failed to provide Plaintiff with reasonably safe equipment, including, but not limited to, a refrigerator which did not leak, and a locomotive with adequate nonslip surfaces;

   d. Defendant failed to properly maintain, inspect and/or repair its equipment with which Plaintiff was required to work;

   e. Defendant's locomotive parts and appurtenances were not in proper condition and safe to operate without unnecessary danger of personal injury, in violation of 49 U.S.C. § 20701, 49 C.F.R. § 229.7; 49 C.F.R. § 229.9; and 49 C.F.R. § 229.45;

  f.  Defendant permitted the use of a locomotive which had not been adequately inspected, in violation of 49 C.F.R. § 229.21; 49 C.F.R. § 229.23; 49 C.F.R. § 229.25;

  g.  Defendant permitted the use of a locomotive which was not free of conditions that endangered the safety of the crew, locomotive and train, in violation of 49 C.F.R. § 229.45;

  h.  Defendant failed to keep its floors of cabs, passageways, and compartments free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard, in violation of 49 C.F.R. § 119(c), constituting negligence per se; and

  i.  Defendant failed to properly treat the floors of its locomotive and provide secure footing, in violation of 49 C.F.R § 8.119(c).

9. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff suffered permanent injuries to his right lower extremity; he has sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his right lower extremity; he has sustained bruising, straining and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his right lower extremity; and has been caused to suffer severe pain, discomfort, and disfigurement; and will continue to suffer severe pain, discomfort, and disfigurement; he has sought and received medical care and attention, and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish, and anxiety and will continue to suffer psychological and emotional injury, mental anguish, and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages, earning capacity, and benefits and will continue to lose wages, earning capacity, and benefits; all to his damage.

WHEREFORE, Plaintiff Tyler Waters prays for judgment against Defendant Union Pacific Railroad Company, which is fair and reasonable, in excess of $75,000, plus costs of suit incurred herein.

## COUNT II – LOCOMOTIVE INSPECTION ACT

10. Plaintiff adopts and incorporates his previous allegations as set forth in paragraphs 1-9.

11. This Count arises under the provisions of 49 U.S.C. § 20701, et seq., commonly known as the Locomotive Inspection Act.

12. Plaintiff's injuries were caused, in whole or in part, by one or more of the following conditions and defects existing on or about Defendant's locomotives, in violation of the Locomotive Inspection Act:

    a. Defendant's locomotive parts and appurtenances were not in proper condition and safe to operate without unnecessary danger of personal injury, in violation of 49 U.S.C. § 20701, 49 C.F.R. § 229.7; 49 C.F.R. § 229.9; and 49 C.F.R. § 229.45, constituting negligence per se;

    b. Defendant permitted the use of a locomotive which had not been adequately inspected, in violation of 49 C.F.R. § 229.21; 49 C.F.R. § 229.23; 49 C.F.R. § 229.25, constituting negligence per se;

    c. Defendant permitted the use of a locomotive which was not free of conditions that endangered the safety of the crew, locomotive and train, in violation of 49 C.F.R. § 229.45, constituting negligence per se;

    d. Defendant failed to keep its floors of cabs, passageways, and compartments free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard, in violation of 49 C.F.R. § 119(c), constituting negligence per se; and

  e.  Defendant failed to properly treat the floors of its locomotive and provide secure footing, in violation of 49 C.F.R § 8.119(c), constituting negligence per se.

13. As a result of one or more of these violations of federal railroad safety laws, in whole or in part, Plaintiff sustained permanent injuries to his right lower extremity; he sustained injuries, bruising, straining and scarring to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his right lower extremity; he has suffered psychological and emotional injury, mental anguish, anxiety and depression and will continue to suffer psychological and emotional injury, mental anguish, anxiety and depression in the future; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages, earning capacity and benefits and will continue to lose wages, earning capacity and benefits; he has incurred permanent impairments and disability affecting his personal and occupational life, including impaired ability to perform household services; all to his damage.

WHEREFORE, Plaintiff Tyler Waters prays for judgment against Defendant Union Pacific Railroad Company for damages which are fair and reasonable and in excess of $75,000 under both Count I and Count II, for post judgment interest, plaintiff's costs herein, and all other relief to which plaintiff is entitled.

## JURY DEMAND

Plaintiff respectfully demands trial by jury of all issues herein.

## VENUE

Plaintiff hereby requests this case be tried before the Wichita Division.

| SCHLICHTER, BOGARD & DENTON | MORRIS LAING |
|---|---|
| s/ Nelson G. Wolff | s/ John W. Johnson |
| NELSON G. WOLFF  phv pend | JOHN W. JOHNSON # 07684 |
| JASON P. KELLY  phv pend. | 300 N. Mead, Suite 200 |
| 100 South Fourth Street | Wichita, KS 67202-2745 |
| St. Louis, Missouri 63102 | (316) 262-2671 |
| (314) 621-6115 | (316) 262-6226 (fax) |
| (314) 621-7151 (fax) | jjohnson@morrislaing.com |
| nwolff@uselaws.com | |
| jkelly@uselaws.com | |

*ATTORNEYS FOR PLAINTIFF*