IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER WATERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-01287 |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM AND SUGGESTIONS IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AGAINST PLAINTIFF

Defendant Union Pacific Railroad Company, for its Memorandum and Suggestions In Support of Its Motion to Compel Discovery against Plaintiff, states as follows:

### BACKGROUND

1.  Plaintiff has brought causes of action against Defendant under the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. ("FELA"), seeking damages for right ankle injuries he allegedly sustained on September 29, 2012 while he was working for Defendant as a conductor.

2.  Plaintiff claims he injured his right ankle on September 29, 2012 when he allegedly slipped on water that he claims was located on the steps of Defendant's locomotive, UP7622.

3.  Plaintiff's damage claims include a claim for past wage losses for the work days he allegedly missed as a result of his injuries.

4.  Plaintiff's wage claim includes losses he allegedly incurred while he was working light duty for Defendant, additional losses for over 125 past work days that he claims he missed

as a result of his ankle injury, as well as future wage losses. **Exhibit A: Plaintiff's answers to Defendant's second interrogatories, Interrogatory No. 28.**

5. Defendant served opening discovery on Plaintiff, which included discovery directed to his social media postings. **Exhibit B: Defendant's Interrogatory No. 26 and Plaintiff's answer; Exhibit C: Defendant's first Request for Production Nos. 46, 48, and 49 and Plaintiff's responses.**

6. After Plaintiff lodged objections, counsel for Defendant sent Plaintiff's counsel a golden rule letter limiting the scope of its request for social media.

7. Specifically, Defendant agreed to limit the request for social media postings to (1) the postings, photographs, and messages Plaintiff sent or received concerning various limited topics since the date of the incident; and (2) all postings, photographs, or messages that Plaintiff sent or received on the dates he allegedly missed work as a result of his injuries. See **Exhibit D: Defendant's Golden Rule Letter, p. 3, regarding Interrogatory No. 26; and Request for Production Nos. 46, 48, 49.**

8. In a good faith effort to resolve the dispute, counsel for Defendant (Trent Church) and counsel for Plaintiff (Jerry McDonald) discussed these discovery requests at a telephone conference on April 7, 2012.

9. At that time, Plaintiff's counsel indicated he was not inclined to produce Plaintiff's social network postings for the days Plaintiff allegedly missed work as a result of his injuries. However, he indicated he would consider the issue and respond back to defense counsel about it the following week.

10. On April 22, 2016, Plaintiff served supplemental responses to Defendant's document requests concerning the social media postings stating "[s]ubject to the limitations in Defendant's April 4, 2016 letter, none." **Exhibit C, Request Nos. 46, 48, and 49.**

11. With regard to Defendant's Interrogatory No. 26, Plaintiff identified his Facebook and Twitter accounts, but he did not identify the names/account names associated with these accounts. **Exhibit B, Interrogatory No. 26.**

12. On April 28, 2016, defense counsel and Plaintiff's counsel engaged in a second telephone conference, where defense counsel again addressed the issue of Plaintiff's social media postings.

13. Defense counsel asked Plaintiff's counsel, Jerry McDonald, whether he had looked at Plaintiff's social network postings to see if there were any postings on the dates Plaintiff allegedly missed work as a result of his injuries.

14. Defense counsel asked this because he was surprised by Plaintiff's response of "none" to the social media discovery directed to the missed work days, since there are over 125 alleged days missed in Plaintiff's interrogatory answers.

15. Plaintiff's counsel indicated that another person in his office looked at the social media, but he advised he was withholding the social media sent or received on Plaintiff's missed work dates.

16. During the April 28th phone conference, defense counsel asked Plaintiff's counsel to identify the e-mail addresses and account names associated with Plaintiff's social media in response to Interrogatory No. 26. Plaintiff's counsel objected to providing any of this information.

17.     The parties jointly agreed to extend the deadline (under Local Rule 37.1) to take up motions to compel regarding opening discovery to May 2, 2016, therefore, this motion is timely.

18.     Defense counsel certifies he has in good faith conferred with Plaintiff's counsel regarding the requested discovery in an effort to avoid this motion. **Exhibit E.**

## ARGUMENT

The purpose of discovery is to make trial "less a game of blind man's bluff" and more a fair contest where parties are allowed to narrow and clarify basic issues in the case to the fullest practicable extent. See *Multimedia Cablevision, Inc. v. California Security Co-Op, Inc.* 1996 WL 447815, *1 (D. Kan. 1996). Parties may obtain discovery regarding non-privileged matters that are relevant to any party's claims or defenses. *See* Federal Rule of Civil Procedure 26(b)(1). Such discovery need not be admissible in evidence, to be discoverable. Id.

There is no dispute that social media may be a source of discoverable and relevant information, particularly in personal injury cases since it may reflect the plaintiff's emotional or mental state, his physical condition, activity level, his employment, issues surrounding the litigation, and issues concerning plaintiff's claimed injuries and damages. See *Reid v. Ingerman Smith*, LLP, 2012 WL 6720752, *1 (E.D. New York 2012). Claims of "privacy" are not a basis for shielding the requested social media from discovery. See *E.E.O.C. v. Simply Storage Management, LLC*, 270 F.R.D. 430, 434-436 (S.D. Ind. 2010). As in other cases involving privacy or confidentiality, those interests can be addressed by an appropriate protective order if necessary, but the discovery still must be produced. *See Id.* Content from social media must be produced when it is relevant to a claim or defense in a case. *See Id.*

The District of Kansas has recognized that discovery of social media is appropriate so long as it is reasonably tailored. In *Held v. Ferrellgas, Inc.*, 2011 WL 3896513 (D. Kan. 2011), the defendant sought Plaintiff's Facebook data. Id *1. The plaintiff objected on the basis that the requested information was irrelevant, confidential and private. Id. The defendant filed a motion to compel to obtain the Facebook data, and the court granted same, noting that the defendant was seeking limited access to the Facebook information during a "relevant time frame." Id.

In *Smith v. Hillshire Brands*, 2014 WL 2804188 (D. Kan. 2014), the plaintiff brought various claims against the defendant, including a damage claim for emotional distress. Id. *1. The *Hillshire Brands* court did not allow unfettered access to the plaintiff's social media, but it did allow the defendant to access the social media postings that were relevant to the plaintiff's damage claim for emotional distress. Id. *3-*6.

Similarly, in *Stonebarger v. Union Pacific*, 2014 WL 2986892 (D. Kan. 2014), the court did not grant unlimited social media access, but it did allow defendant access to all of the plaintiff's public social media postings for a relevant time period. *4-*5. Further, the court allowed defendant access to the private social media postings related to the plaintiff's damage claims, including plaintiff's claims for mental anguish, loss of companionship, loss of protection, guidance, services, attention, care, advice, and support. Id.

Defendant has offered to reasonably limit the scope of the social media requested in this case. **Exhibit D, p. 3**. Defendant agreed to limit the request to (1) the social media photographs, messages and postings, sent or received by Plaintiff, on the dates that he claims he missed work as a result of his alleged injuries; and (2) any social media photographs, messages and postings, sent or received by Plaintiff, since the date of the incident (September 29, 2012) that reference the subject incident, the condition of the subject locomotive, plaintiff's alleged injuries, the work

5

conditions he claims caused or contributed to cause his alleged injuries, and postings reflecting his physical activities. Id. Defendant's request for these postings is relevant and directly related to Plaintiff's lost wage claim, and particularly the legitimacy of this claim. It is also relevant to Plaintiff's credibility. Further, the request is relevant to Plaintiff's claims regarding the severity, the nature, and the extent of his alleged injury, as well as the limitations his injury has had on his ability to function. The discovery is directed to Plaintiff's claims, and specifically, to his damages claims. *See* **Federal Rule of Civil Procedure 26(b)(1).**

Plaintiff has indicated that there are no social media postings since September 29, 2012 about the specified topics referenced in the above paragraph part "(2)", even though the request includes a request for posts reflecting the Plaintiff's *physical activities* during that time frame. Further, in his April 22, 2016 supplemental response to Defendant's requests for production regarding the social media, Plaintiff stated "[s]ubject to the limitations in Defendant's April 4, 2016 letter, none." **Exhibit C, Request Nos. 46, 48, and 49.** However, Defendant's April 4, 2016 letter included a request for all postings on Plaintiff's social media for the dates Plaintiff allegedly missed work as a result of his injuries. **Exhibit D, p. 3**. Plaintiff's counsel subsequently advised defense counsel during their April 28, 2016 telephone conference that he was withholding the social media for the missed work dates.

Defendant has reasonably tailored the social media requests, therefore, Plaintiff should be ordered to produce all social media responsive to Defendant's limitations. Defendant also requests that Plaintiff identify the names/account names associated with his Facebook and Twitter accounts.

Alternatively, Defendant requests that the Court undertake an *in camera* review of Plaintiff's social media postings to determine whether there are any postings responsive to

Defendant's limitations which have not been produced. See *Bass ex rel. Bass v. Miss Porter's School*, 2009 WL3724968 *1 (D. Conn. 2009)(the court undertook an *in camera* review of the requested Facebook production noting that the social media "production should not be limited to Plaintiff's own determination of what may be 'reasonably calculated to lead to the discovery of admissible evidence'").

WHEREFORE, Defendant requests that the Court enter an order ordering Plaintiff to (1) provide the names/account names associated with Plaintiff's Facebook and Twitter accounts in response to Defendant's first Interrogatory No. 26; (2) produce all social network postings, messages, and photographs that were sent or received by Plaintiff on the work dates he claims he missed as a result of his injuries; (3) all social network postings, messages, and photographs that were sent or received by Plaintiff since September 29, 2012 that reference (a) the subject incident, (b) the condition of the subject locomotive, (c) his alleged injuries, (d) the work conditions he claims caused or contributed to cause his alleged injuries, and (e) the postings that reflect his physical activities during that time frame. In the alternative, Defendant requests that the Court undertake an *in camera* review of Plaintiff's social network postings during the time frame requested to clarify that all responsive postings have been produced. Defendant also requests any other relief the Court deems just and proper under the circumstances.

**YERETSKY & MAHER, L.L.C.**

By:   /s/ Trent R. Church
    Christopher C. Confer    KS#21419
    Trent R. Church    KS#23921
Southcreek Office Park
7200 West 132nd Street, Suite 330
Overland Park, Kansas 66213
Telephone: (913) 897-5813
Facsimile: (913) 897-6468
cconfer@ymllc.com
tchurch@ymllc.com
**ATTORNEYS FOR DEFENDANT**
**UNION PACIFIC RAILROAD COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by the Court's EM/ECF electronic service on this 2nd day of May, 2016, to:

Mr. Nelson G. Wolff
Schlichter, Bogard & Denton
100 South Fourth Street
St. Louis, MO 63102

Mr. John W. Johnson
Morris Laing
300 North Mead, Suite 200
Wichita, KS 67202-2745
**ATTORNEYS FOR PLAINTIFF**

    /s/Trent R. Church
    Trent R. Church