IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-01287 |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Tyler Waters, through counsel, states as follows for his Supplemental Response to Defendant's First Request for Production of Documents:

**REQUEST NO. 3:** The statements, memoranda, tape recordings, transcripts of conversations, notes summarizing conversations, or any other documents which describe conversations with people who may have knowledge of the occurrence described in Plaintiff's Complaint, the manner in which it occurred, Plaintiff's physical condition, or any other matter relevant to this suit. This includes statements in any form whatsoever.

**RESPONSE:** Plaintiff objects to this Request because it may call for work product and attorney-client privileged information. Subject to the objection, none currently in Plaintiff's possession other than documents previously produced by Defendant.

**SUPPLEMENTAL RESPONSE:** **Plaintiff objects to this Request because it may call for work product and attorney-client privileged information. Subject to the objection, none currently in Plaintiff's possession other than documents previously produced by Defendant and medical records previously produced. Plaintiff is not withholding responsive materials based on these objections.**

**REQUEST NO. 4:** Hospital records, doctors' and nurses' reports and office notes, chiropractor records, reports of test results, x-ray images, nerve conduction studies, results of myelograms, results of electromyography, results of computerized tomography or magnetic

1



locomotive engine Plaintiff was working on at the time of his accident, injuries from the accident described in Plaintiff's Complaint, and Plaintiff's leisure and social activities.

RESPONSE: Plaintiff objects to this Request as it may seek information protected by the attorney-client privilege and work-product doctrine. Plaintiff further objects because this Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible/relevant evidence. Subject to the objections, none in Plaintiff's possession at this time.

SUPPLEMENTAL RESPONSE: **Plaintiff is not withholding responsive materials based on the previous objections.**

REQUEST NO. 46: The social networking or other web postings maintained by Plaintiff since September 29, 2012 to the present date.

RESPONSE: Plaintiff objects to this Request because it is overly broad, unduly invasive of Plaintiff's right to privacy and that of others, and not reasonably calculated to lead to the discovery of admissible/relevant evidence.

SUPPLEMENTAL RESPONSE: **Subject to the limitations in Defendant's April 4, 2016 letter, none.**

REQUEST NO. 47: The company rule(s) or other ordinance(s), statute(s), rule(s), regulation(s), or standard(s) promulgated by any entity or agency, whether governmental or quasi-governmental, that you allege were not followed and the failure to follow them caused, in whole or in part, the injury(ies) of which you complain in this lawsuit.

RESPONSE: Plaintiff objects to this Request, as minimal discovery has taken place, and thus it is premature. Plaintiff further objects as this Request calls for documents in the possession of Defendant.

SUPPLEMENTAL RESPONSE: **Plaintiff is not withholding responsive materials based on the previous objections.**

REQUEST NO. 48: For each Facebook account maintained by you, please produce your account data for the period of September 29, 2012 through present. You may download and print your Facebook data by logging onto your Facebook account, selecting "Account Settings" under the "Account" tab on your homepage, clicking on the "learn more" link beside the

10

"Download Your Information" tab, and following the directions on the "Download Your Information" page. See exhibit A, attached.

RESPONSE: **Subject to the limitations in Defendant's April 4, 2016 letter, none.**

REQUEST NO. 49: Produce all photographs posted, uploaded, or otherwise added to any social networking sites or blogs, including but not limited to Facebook.com, Myspace.com, Twitter.com, or any similar websites posted since the date of the accident alleged in the Complaint. This includes photographs posted by others in which Plaintiff has been tagged or otherwise identified therein.

RESPONSE: Plaintiff objects to this Request because it is overly broad, unduly invasive of Plaintiff's right to privacy and that of others, and not reasonably calculated to lead to the discovery of admissible/relevant evidence.

SUPPLEMENTAL RESPONSE: **Subject to the limitations in Defendant's April 4, 2016 letter, none.**

11