Law Offices

# YERETSKY & MAHER, L.L.C.

Southcreek Office Park
7200 West 132nd Street, Suite 330
Overland Park, Kansas 66213
(913) 897-5813
Facsimile: (913) 897-6468
www.yeretskymaher.com

**Trent R. Church**
(tchurch@ymllc.com)

<u>Missouri Office</u>
P.O. Box 26035
Kansas City, Missouri 64196

April 4, 2016

**VIA E-MAIL:**
JMcDonald@uselaws.com
Mr. Jerry McDonald
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102

Re: **Tyler Waters v. Union Pacific Railroad Company**

Dear Jerry:

Please consider this my golden rule letter to you regarding Plaintiff's responses and objections to Defendant's first interrogatories and first requests for production.

I am available for a phone call to discuss the issues contained within this letter, as well as the issues you raised in your April 1, 2016 discovery letter, on Wednesday or Thursday (April 6th or 7th) of this week. Please let me know when you might be available for a phone call on either of those days.

**Interrogatory No. 2**: We are willing to limit this interrogatory to any statements that Plaintiff (or anyone acting on his behalf) have obtained from any agent or employee of Defendant that was employed by Defendant in a managerial capacity, as well as any statements obtained from any agent or employee of Defendant whose acts or omissions may be imputed to Defendant.

**Interrogatory No. 7**: Plaintiff's answer to this interrogatory is non-responsive. We are entitled to know the categories of damages sought and the amount of any claimed damages presently known. See *Bradley v. Val-Mejias*, 2001 WL 1249339 * 2 (D. Kan. 2001)("Defendants are entitled to a specific and substantive answer as to the dollar amount of plaintiff's claimed damages and a definitive description of other non-pecuniary relief, if any, plaintiff seeks."). Plaintiff can supplement with additional amounts and figures concerning his alleged damages at a later point in discovery.



Jerry McDonald
April 4, 2016
Page 2

**Interrogatory Nos. 9 and 10**: Plaintiff's answers to these interrogatories are improper under Federal Rule 33(d). Plaintiff can produced records to answer interrogatories, but he is required to specify the portion of the records which must be reviewed for Defendant to determine the answers. In any event, Plaintiff should be well aware of the identity of the providers that have treated him for his injuries and those providers that have recommended future treatment. Notably, the records Plaintiff produced did not include any reference to Dr. Palmgren, who has been treating Plaintiff. Please answer the interrogatories and fully identify all of the medical providers who have treated him for his alleged injuries, including any providers recommending future treatment.

**Interrogatory No. 12**: Plaintiff's answer to this interrogatory is improper under Rule 33(d). Please state the amount of past medical expenses Plaintiff seeks that he is presently aware of, including any out-of-pocket expenses he claims that were not paid by UP or Plaintiff's insurance obtained through UP. This answer can be supplemented if additional medical expenses are allegedly sustained as discovery progresses.

**Interrogatory No. 17**: Plaintiff's objection to this interrogatory is without merit. Discovery concerning a plaintiff's medical conditions/past treatment is not limited to the parts of the body at issue in the complaint. See *Bradley v. Val-Mejias*, 2001 WL 1249339 *8-*9 (D. Kan. 2011). The physician/patient privilege is completely waived for the purposes of discovery once the plaintiff puts his physical condition at issue. Id. Please recall your objection and identify the name and location of any medical providers, including mental health care providers, that have treated Plaintiff during the past fifteen years.

**Request for Production No. 4**: Please produce any medical records in your possession concerning Plaintiff's treatment for his alleged injuries which have not been produced, including but not limited to, any records from Dr. Palmgren, or records from other providers that have not been produced.

**Request for Production No. 7**: Please produce any applications or documents describing disability insurance, unemployment compensation or RRB disability benefits that Plaintiff has applied for or received in connection with his alleged injuries.

**Request for Production Nos. 13 and 14**: We will limit this request to include only the reports, notes, memoranda, correspondence and documents that Plaintiff himself prepared (we will exclude materials created by Plaintiff's counsel and/or attorney-client communications) regarding the incident or his alleged injuries.

**Request for Production Nos. 18 and 19**: Your objections to these requests are improper, please recall the objections.

**Request for Production No. 22**: Your objection to the authorization we provided is improper. As discussed above, the plaintiff completely waives the physician patient privilege once he puts his physical condition at issue. If Defendant is required to request additional authorizations from

Jerry McDonald
April 4, 2016
Page 3

Plaintiff each time it discovers another medical provider that treated Plaintiff during the course of discovery, Defendant's reasonable discovery efforts would be hindered.

**Request for Production Nos. 27, 29, 30, 31**: Please produce any communications or reports between Plaintiff (or anyone acting on his behalf) and any employee of Defendant who was employed in a managerial capacity concerning the condition of the subject locomotive or the work conditions that Plaintiff alleges caused or contributed to cause his alleged injuries.

Please also produce any communications, statements, reports, or documents created by any agent or employee of Defendant whose acts or omissions may be imputed to Defendant concerning the condition of the subject locomotive or the work conditions that Plaintiff alleges caused or contributed to cause his alleged injuries.

**Interrogatory No. 26; and Request for Production Nos. 46, 48, 49**: Please produce the social network postings, including photographs and messages, that Plaintiff has sent or received since September 29, 2012 concerning the subject incident, the condition of the subject locomotive, his alleged injuries and/or the work conditions he claims caused or contributed to cause his alleged injuries, his physical activities, and all postings from the work dates he missed which he claims were related to his alleged injuries. These postings, as limited, are clearly relevant and proportional to the needs of the case. See *Held v. Ferrellgas*, 2011 WL 3896513 (D. Kan. 2011); *Smith v. Hillshire Brands*, 2014 WL 2804188 (D. Kan. 2014). *Moore v. Miller*, 2013 WL 2456114 (D. Colo. 2013). These requests are relevant to Plaintiff's lost income claim, the nature and extent of his alleged injuries, and his alleged inability to perform various physical activities.

Additionally, Plaintiff has not complied with Rule 34 (b)(2)(C), which requires a party to state whether it is withholding documents or information on the basis of his objections. Please amend Plaintiff's responses and comply with Rule 34(b)(2)(C).

I would like to resolve discovery disputes, if possible, without Court intervention. However, if Plaintiff will not agree to recall the aforementioned objections and agree to the produce discovery according to the limitations stated herein, Defendant may be required to file a motion to compel.

Feel free to contact me if you should have any questions.

YERETSKY & MAHER, L.L.C.

Trent R. Church