IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER WATERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-01287 |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Union Pacific Railroad Company, for its Reply Memorandum In Support of Its Motion for Protective Order, states as follows.

## ARGUMENT

Defendant believes that it has already provided the Court with sufficient information and authority within its Memorandum and Suggestions In Support of Its Motion for Protective Order to allow the Court to grant its Motion. However, Defendant herein further addresses and rebuts certain overarching arguments raised by Plaintiff in his Memorandum In Response to Defendant's Motion for Protective Order.

### A. PLAINTIFF'S RELIANCE ON THE *WHITE V. UNION PACIFIC RAILROAD CO.* MEMORANDUM AND ORDER IS MISPLACED

In his response to Defendant's Motion for Protective Order, Plaintiff continually refers to a memorandum and order entered by this Court in a 2009 Case, *White v. Union Pacific Railroad Co.*, Case No. 09-1407-EFM-KGG. Defendant has attached the *White* 30(b)(6) notice (**Exhibit 1**) and the Court's memorandum and order in *White* (**Exhibit 2**) herewith for the Court's review. Plaintiff's reliance on the *White* memorandum and order is misplaced for the following reasons.

First, many of the topics contained in the *White* 30(b)(6) notice are wholly unrelated to the topics at issue in Plaintiff's 30(b)(6) notice in this case (Compare **Exhibit 1** with **Exhibit A to Defendant's Memorandum and Suggestions In Support of Its Motion for Protective Order**). All of the topics in the *White* notice contain different language than those contained in Plaintiff's notice in this case. Further, different arguments concerning the topics were raised by the parties in *White*. The majority of the *White* topics are also more narrowly worded. Therefore, the issues in *White* are distinguishable and not controlling.

Second, the *White* memorandum and order was entered before the 2015 amendments to Federal Rule 26 were made, which narrowed the scope of discovery by eliminating the "reasonably calculated" standard and adopting the proportionality standard which is now in place. Plaintiff cites *Rowan v. Sunflower Elec. Power Corp.*, 2016 WL 2772210 *3 (D. Kan. May 13, 2016) for the idea that, under the 2015 amendments, discovery is still construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any party's claim or defense. **Plaintiff's Response, p. 3.** However, *Rowan* relies on a pre-2015 amendment case for this proposition (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). Further, the 2015 advisory committee notes and Chief Justice Robert's comments indicate that the new proportionality standard was intended to limit the scope of discovery and discourage "discovery overuse", since the reasonably calculated standard had a tendency to "swallow any other limitation" on the scope of discovery. See *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171 *18 (D.N.M. 2016)(discussing Chief Justice Roberts 2015 Year-End Report regarding the Federal Rule amendments) and 2015 Advisory Committee Notes. The 2015 Rules amendments were designed, in part, to limit overbroad discovery and "focus discovery…on what is truly necessary to resolve the case.…" See *Kissing Camels Surgery Center, LLC v. Centura*

*Health Corporation*, 2016 WL277721 *1 (D. Colo. 2016)(referring to Chief Justice Robert's Year-End Report). Therefore, certain 30(b)(6) topics presented in *White* may have been considered relevant and stated with reasonable particularity at that time, but are not appropriate now under the 2015 amendments.

Plaintiff also misconstrues the Court's memorandum and order in *White* in an attempt to demonstrate that his 30(b)(6) topics are appropriate. For example, Plaintiff argues that the *White* memorandum and order supports his argument that Plaintiff should be able to seek legal conclusions from Defendant's corporate witnesses regarding the federal laws and regulations that apply to various issues in this case. Specifically, Plaintiff cites to the *White* memorandum and order addressing *White* deposition topic no. 2. **Exhibit 2, p. 9**. The Court in *White* noted that "facts" supporting, refuting or relating to questions of law are discoverable, but the Court did not find that a party may ask a corporate witnesses about what laws apply, what the law is, or what the law means in different situations. Id.

Rule 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which to the extent discoverable at all prior to trial, must be discovered by other means. *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Medical Center*, 2012 WL 3537070 *4-*5 (M.D. Fla. 2012). A corporate defendant should not be required to produce a 30(b)(6) witness to identify or explain the applicable laws or regulations at issue. *See* Id.; and *In re Teon Maria, LLC*, 2013 WL 5507286 *4-*5 (E.D. La. 2013).

In the *White* case, neither party addressed whether contention interrogatories were the more appropriate, efficient, and less burdensome way of inquiring about the legal positions of a party and the facts supporting those contentions. A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through

3

contention interrogatories. *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959 *2 (E.D. Penn. March 23, 2004). See also *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996)(holding that, while a party is entitled to discover the *factual support* for its opponents legal contentions, a party is not required to marshal all of its factual proof to present the support for its legal contentions at a 30(b)(6) deposition, since the same is an overbroad, burdensome, and highly inefficient method for discovering such information). In this case, Defendant proposes that Plaintiff be ordered to propound contention interrogatories to conduct discovery regarding Defendant's legal contentions.

**B. SEVERAL OF PLAINTIFF'S 30(b)(6) TOPICS ARE OVERBROAD BECAUSE THEY SEEK DEPOSITION TESTIMONY ABOUT VOLUMINOUS AND VARYING KINDS OF DOCUMENTS, WITHOUT PROVIDING ANY GUIDANCE ABOUT THE PERAMETERS OF PLAINTIFF'S INQUIRY CONCERNING SUCH DOCUMENTS (See e.g. Plaintiff's Topics No. 4, 14, 17 and 18).**

As Plaintiff recognizes, the District of Kansas has held in multiple cases that a party must state 30(b)(6) topics with painstaking specificity or the noticed party is put in an unduly burdensome, if not impossible, position of trying to prepare a witness to testify about the topics. See e.g. *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000); and *Bowers v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 6013092 *4 (D. Kan. 2011).

Several of Plaintiff's 30(b)(6) topics seek testimony about large amounts of documents, without providing any guidance about what Plaintiff intends to inquire about concerning such documents (e.g. **Exhibit A to Defendant's Memorandum and Suggestions In Support of Its Motion for Protective Order**, Topic 4 and 14: "all reports, documents, notes or other materials reflecting" spanning a four year time frame; Topic 17: "all files and records in Defendant's

4

possession regarding Plaintiff…"; Topic 18: the "employment record of Plaintiff, including, but not limited to, ….").

The situation in this case is similar to that addressed by the court in *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618 (D. Kan. October 16, 2008). In *Lipari*, the plaintiff sought, among other things, corporate testimony about the documents in the defendant's "possession or control…related to" the conduct of its agents described in the plaintiff's petition. Id. at *6. The court found that this topic was overbroad and not stated with sufficient specificity. Id. at *6. It also found that the document request was overbroad. Id. at *7. The court in *Lipari* noted that in addition to requesting testimony about every allegation in the petition, the plaintiff's notice required corporate testimony about "all documents relating to the conduct of [the defendant's] agents". *6 The court found that the deposition topic could hardly meet the requirement that a party is to "designate, with painstaking specificity, the particular subject areas" to be covered in the deposition. Id.

Like in *Lipari*, Plaintiff has propounded several 30(b)(6) topics that require Defendant to speculate about what information Plaintiff may inquire about in connection with topics directed to large groups of documents. The most egregious example is Plaintiff's Topic No. 17 which seeks testimony about "all files and records in Defendant's possession regarding Plaintiff, …." Defendant has produced Plaintiff's personnel records, medical records, employment records, records regarding Plaintiff's return to work, and many others all of which presently total over 600 pages worth of documents. These documents include numerous types and various kinds of information ranging from Plaintiff's discipline history, Plaintiff's applications for employment, his training, his wages, his job history, his work attendance, his medical treatment, records filled


possession regarding Plaintiff…"; Topic 18: the "employment record of Plaintiff, including, but not limited to, ….").

The situation in this case is similar to that addressed by the court in *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618 (D. Kan. October 16, 2008). In *Lipari*, the plaintiff sought, among other things, corporate testimony about the documents in the defendant's "possession or control…related to" the conduct of its agents described in the plaintiff's petition. Id. at *6. The court found that this topic was overbroad and not stated with sufficient specificity. Id. at *6. It also found that the document request was overbroad. Id. at *7. The court in *Lipari* noted that in addition to requesting testimony about every allegation in the petition, the plaintiff's notice required corporate testimony about "all documents relating to the conduct of [the defendant's] agents". *6 The court found that the deposition topic could hardly meet the requirement that a party is to "designate, with painstaking specificity, the particular subject areas" to be covered in the deposition. Id.

Like in *Lipari*, Plaintiff has propounded several 30(b)(6) topics that require Defendant to speculate about what information Plaintiff may inquire about in connection with topics directed to large groups of documents. The most egregious example is Plaintiff's Topic No. 17 which seeks testimony about "all files and records in Defendant's possession regarding Plaintiff, …." Defendant has produced Plaintiff's personnel records, medical records, employment records, records regarding Plaintiff's return to work, and many others all of which presently total over 600 pages worth of documents. These documents include numerous types and various kinds of information ranging from Plaintiff's discipline history, Plaintiff's applications for employment, his training, his wages, his job history, his work attendance, his medical treatment, records filled

out by Plaintiff, and Plaintiff's efficiency testing, to name only a small few of the issues discussed in the records.

As such, it would be impossible for Defendant to try and predict what Plaintiff may inquire about in connection with "all files and records in Defendant's possession regarding Plaintiff...." Defendant cannot reasonably prepare a witness to testify on such vague and overbroad topics. The same are not proportional to the needs of the case under the 2015 Federal Rules amendments, since much of the information within these records has nothing to do with the claims and allegations made in the case.

## C. PLAINTIFF'S "SYSTEM WIDE" DEPOSITION TOPICS ARE OVERBROAD, NOT PROPORTIONAL, AND NOT DIRECTED TO CIRCUMSTANCES SUFFICIENTLY SIMILAR TO THOSE ALLEGED BY PLAINTIFF (See e.g. Plaintiff's Topic Nos. 10, 11, 12, and 13).

In several of Plaintiff's 30(b)(6) topics, Plaintiff seeks information about "all" locomotives system wide and/or information about a broad range of conditions that are not related to water leaks from the subject locomotive's refrigerator and/or slip and falls on water within the subject locomotive. Even the 30(b)(6) topics in *White* regarding prior incidents were limited to "substantially similar" incidents as those alleged by the plaintiff (See **Exhibit 1, Topic 7**), but Plaintiff's topics in this case are not, and are even more broad.

Plaintiff contends that his requests are relevant to the issue of notice. Plaintiff also contends in his response brief that the cases cited by Defendant are only related to the issue of admissibility of such evidence, not to the discovery of such evidence. See **Plaintiff's Response, p. 9**. To the contrary, the case of *Madden v. Antonov*, 2014 WL 4295288 *1-*3 (D. Neb. 2014) is directly on point and demonstrates that overbroad, system wide discovery, concerning conditions that are unrelated to the plaintiff's claims is objectionable. A similar "notice" argument was raised by the Plaintiff in *Madden*.

6

In *Madden,* the plaintiff brought FELA claims against BNSF for injuries he allegedly sustained when the locomotive he was operating collided with a commercial truck at a railroad grade crossing. Id. *1 The plaintiff sought system wide discovery concerning prior injury claims filed by BNSF employees for injuries sustained during grade crossing collisions, including information concerning other grade crossing incidents throughout the entire state of Nebraska, and information concerning system wide grade crossing incidents. Id. *2-*3. The *Madden* court denied the plaintiff's motion to compel discovery, noting that the requests sought discovery for "every crossing in Nebraska" and "system-wide" discovery regarding every grade crossing collision on BNSF's system. Id. *3. The courted noted that the discovery encompassed any accident, including accidents such as derailments, collisions involving two trains, collisions of trains with pedestrians, collisions of trains with track obstructions, as well as all other types of collisions. Id. The *Madden* court indicated that the "circumstances" surrounding the requested accident information could "vary widely." Id In determining that the requests were overbroad on their face, the *Madden* court considered the "breadth of information requested" and the extensive scope of the requests, including the request for "information for BNSF's entire system." Id. The court noted that there was no attempt to tailor the requests to "the accident at issue….." Id. For these reasons, the *Madden* court denied the plaintiff's motion to compel discovery. Id.

Several of Plaintiff's topics in this case, including Topic Nos. 10, 11, 12 and 13, are analogous to the discovery sought in *Madden*. Plaintiff's topics are system wide discovery topics seeking information about conditions that have nothing to do with the facts of Plaintiff's alleged incident. They cannot be considered proportional or relevant, since the topics are not tied to facts sufficiently similar to the incident at issue and therefore not relevant to the issue of notice.

WHEREFORE, for all the foregoing reasons, and the reasons stated in Defendant's Motion for Protective Order and Defendant's Memorandum and Suggestions In Support of Its Motion for Protective Order, Defendant requests that its Motion for Protective Order be GRANTED.

                    **YERETSKY & MAHER, L.L.C.**

By:   /s/ Trent R. Church
     Christopher C. Confer    KS#21419
     Trent R. Church           KS#23921
Southcreek Office Park
7200 West 132nd Street, Suite 330
Overland Park, Kansas 66213
Telephone: (913) 897-5813
Facsimile: (913) 897-6468
cconfer@ymllc.com
tchurch@ymllc.com
**ATTORNEYS FOR DEFENDANT**
**UNION PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by the Court's EM/ECF electronic service on this 21st day of June, 2016, to:

Mr. Nelson G. Wolff
Schlichter, Bogard & Denton
100 South Fourth Street
St. Louis, MO 63102

Mr. John W. Johnson
Morris Laing
300 North Mead, Suite 200
Wichita, KS 67202-2745
**ATTORNEYS FOR PLAINTIFF**

                    /s/Trent R. Church
                    Trent R. Church