## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER WATERS,                ) | |
|                    ) | |
|           Plaintiff,     ) | |
| v.                       ) | Case No. 15-1287-EFM-KGG |
|                    ) | |
| UNION PACIFIC RAILROAD CO.,   ) | |
|                    ) | |
|          Defendant.    ) | |
| _____ ) | |

## ORDER ON MOTION TO COMPEL

Now before the Court is Defendant's Motion to Compel. (Doc. 34.) For the reasons set forth below, Defendant's motion is **GRANTED**. Also pending is Plaintiff's motion to compel. (Doc. 36.) Plaintiff's motion is **DENIED in part** and **GRANTED in part** as more fully set forth herein.

## BACKGROUND

Plaintiff filed his federal court Complaint against Defendant, his former employer, alleging claims under the Federal Employers' Liability Act and the Locomotive Inspection Act. (Doc. 1.) Plaintiff contends he injured his right ankle after slipping on water that allegedly was on the steps of a locomotive owned by Defendants. (*Id.*)

Defendant's motion to compel relates to its discovery requests regarding Plaintiff's social media presence. In particular, Defendant has asked for Plaintiff to

list the names/account names "associated with [his] Facebook and Twitter accounts . . . ." (Doc. 35, at 7; Doc. 35-2, at 2.)

Defendant also initially asked for a broad category of information relating to Plaintiff's social media presence. (*See* Doc. 35-3, at 2-3.) Following Plaintiff's initial objections, the parties conferred and Defendant limited the scope of his requests. Defendant now asks Plaintiff to "produce all social network postings, messages, and photographs" that he sent or received "on the work dates he claims he missed as a result of his injuries[.]" (Doc. 35, at 7.) Defendant also seeks such information since September 29, 2012, referencing "(a) the subject incident, (b) the condition of the subject locomotive, (c) his alleged injuries, (d) the work conditions he claims caused or contributed to cause his alleged injuries, and (e) the postings that reflect his physical activities during that time frame." (*Id.*)

Plaintiff's motion to compel relates to discovery requests regarding prior injuries suffered by Defendant's employees, notifications regarding defects or hazards on Defendant's locomotives, prior notification of safety hazards or injuries relating to water on walkways, statements regarding Plaintiff's claims, photos of the locomotive in question, and inspection and maintenance reports for the subject locomotive. (*See generally* Doc. 37.) Defendant has logged various objections to these requests, which the Court will address below.

2

## DISCUSSION

**A.      Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at state in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit.  Information within this scope of discovery need not
> be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.

Discovery requests must be relevant on their face.  ***Williams v. Bd. of County***

***Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000).  "Relevance is broadly construed at

the discovery stage of the litigation and a request for discovery should be considered

relevant if there is any possibility the information sought may be relevant to the

subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D.

25, 27 (D.Kan.1991).  Once this low burden of relevance is established, the legal

burden regarding the defense of a motion to compel resides with the party opposing

the discovery request.  *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661,

662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).

Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id*., 650.  "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each

4

request for production or interrogatory is objectionable." ***Sonnino***, 221 F.R.D. at 670–71 (internal citation omitted).

## B.   Defendant's Motion to Compel.

Defendant contends that the social media information sought is relevant, "particularly in personal injury cases since it may reflect the plaintiff's emotional or mental state, his physical condition, activity level, his employment, issues surrounding the litigation, and issues concerning plaintiff's claimed injuries and damages." (Doc. 35, at 4 (internal citation omitted).) Plaintiff argues that he has "adequately responded to Defendant's relevant discovery requests." (Doc. 39, at 4.)   He contends he has fully responded to regarding the above-numerated categories (a)- (e).   (Page 2, *supra*.) Plaintiff also argues that Defendant's requests seeking information regarding his social media account names as well as postings from the dates he missed work are overly broad, irrelevant, and not proportional to needs of the case.

The Court finds that Defendant's requests are relevant on their face.   As stated above, unless a request is improper on its face, "the party asserting the objection has the duty to support its objections." ***Sonnino***, 221 F.R.D. 661, at n. 36.   Plaintiff has failed in this regard.   To the contrary, the Court finds that the requests are highly relevant on their face as they seek evidence which could be germane to the extent of Plaintiff's injuries and damages and state of mind.

Plaintiff has also failed to establish the overbreadth of Defendant's requests. Following attempts to confer with Plaintiff, Defendant willingly narrowed the scope of the requests at issue.  The Court does not agree that the access Defendant seeks to Plaintiff's social media postings and messages is "unfettered" when Defendant has limited the temporal (i.e. days Plaintiff missed work) and/or substantive subject matter scope of the requests (categories enumerated, *supra*).

The Court is satisfied that Defendant's limitations "allow defendant to discover not the contents of plaintiff's entire social networking activity, but any content that reveals plaintiff's emotions or mental state, or content that refers to events that could reasonably be expected to produce in plaintiff a significant emotion or mental state." ***Smith v. Hillshire Brands***, No. 13-2605-CM-JPO, 2014 WL 2804188, at *6 (D. Kan. June 20, 2014) (internal citation omitted).  As in ***Smith***, "this approach will permit defendant to discover information relevant to plaintiff's emotional state, which he has put at issue, while protecting plaintiff from a fishing expedition into every thought he reduced to writing on the internet" during the specified time period.  *Id*.

Further, Plaintiff has done nothing to establish that the effort to respond to the discovery requests at issue is disproportionate to the needs of a case he found reason to file.  Defendant's motion is, therefore, **GRANTED**.  Plaintiff is directed to provide supplemental responses within **thirty (30) days** of the date of this Order.     **C.**

6

**Plaintiff's Motion to Compel (Doc. 36).**

As stated previously, Plaintiff's motion to compel relates to a variety of discovery requests regarding prior injuries and notifications, statements regarding Plaintiff's claims, photos of the locomotive in question, and inspection and maintenance reports for the subject locomotive. (*See generally* Doc. 37.) Each category will be discussed in turn.

### 1.    Information regarding prior injuries suffered by Defendant's employees.

Interrogatory No. 7 requests information regarding Defendant's employees who have been injured on the job since 2008 in an incident involving "water and/or other hazards on floors, steps and walkways of Defendant's locomotives . . . ." (Doc. 37-1, at 3.)   Request for Production No. 22 sought "a list of claims of injury suffered by Defendant's employees" relating to such incidents. (Doc. 37-2, at 6.)

Defendant objected that the interrogatory and document request were vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time, and not limited to incidents that were substantially similar to Plaintiff's alleged injury incident. (Doc. 37-1, at 3; Doc. 37-2, at 6.)   Defendant also objected that the discovery requests sought irrelevant information and were "not proportional to the needs of the case."  Finally, Defendant objected on the basis of the "privacy rights" of other employees involved. (*Id.*)

Defendant has not properly supported these objections. There is nothing ambiguous about the information requested. Plaintiff has limited the requests to a reasonable time frame. While the requests potentially encompass incidents and injuries that are not exactly the same as that alleged by Plaintiff, the requested information is substantially similar to the incident at issue and appropriate given the broad scope of discovery. Further, Defendant has failed to establish the undue burden or disporportionality of these discovery requests.

As for Defendant's concern regarding the privacy rights of employees potentially implicated by these requests, it is well-established in this District that private or confidential documents are not necessarily shielded from discovery because "privileged" and "confidential" are two distinct concepts. *See Kendall State Bank v. West Point Underwriters, LLC*, No. 10–2319–JTM–KGG, 2013 WL 593957, at *2 (D.Kan. Feb.15, 2013) (citing *McCloud v. Board of Geary County Comm'rs*, No.2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that even assuming certain records are " 'private' or confidential, this does not mean the records are privileged and/ or nondiscoverable")). Defendant's concerns, to they extent they come to fruition, may be addressed through a protective order. This portion of Plaintiff's motion is **GRANTED**.

**2.     Notifications of defects or hazards associated with refrigerators on**

**Defendant's locomotives.**

Interrogatory No. 8 asks for information regarding reports by any of Defendant's employees "of defects, problems and/or safety hazards associated with the refrigerators on Defendant's locomotives . . . " since 2008.  (Doc. 37-1, at 3.) Request No. 21 sought documents containing information from Defendant's employees regarding this same topic for the period of "5 years prior to the subject incident to through the present."  (Doc. 37-2, at 6.)

Defendant objected that the interrogatory and document request were vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time, and not limited to incidents that were substantially similar to Plaintiff's alleged injury incident.  (Doc. 37-1, at 4; Doc. 37-2, at 6.)  Defendant also objected that the discovery requests sought irrelevant information and were "not proportional to the needs of the case."  (*Id.*)  As to the document request, Defendant also objected that it may implicate documents protected by the attorney-client privilege or work product doctrine.  (Doc. 37-2, at 6.)  Plaintiff's motion does not address this objection.  (*See* Doc. 37, at 6-7.)

The Court again finds Defendant's objections as to vagueness, overbreadth, burdensomeness, substantive and temporal scope, proportionality, and relevance to be unsupported.  To the contrary, Plaintiff's requests seek facially relevant information,

they are clearly worded, and they have been limited by subject matter and time frame in a reasonable manner.  This portion of Plaintiff's motion is **GRANTED**.

### 3.    Prior notification of safety hazards or injuries.

Interrogatory No. 6 asks whether Defendant's employees have notified it of any safety hazards or injuries "associated with water and/or hazards on floors, steps and walkways of Defendant's locomotives" since 2008 and, if so, seeks certain correlating information such as the identity of the reporting employee.  (Doc. 37-1, at 3.)  Request No. 20 seeks related materials for the "period of 5 years prior to the subject incident and through the present."  (Doc. 37-2, at 5.)

Defendant again objected that the interrogatory and document request were vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time, and not limited to incidents that were substantially similar to Plaintiff's alleged injury incident.  (Doc. 37-1, at 3; Doc. 37-2, at 6.)  Defendant also objected that the discovery requests sought irrelevant information and were "not proportional to the needs of the case."  (*Id.*)

Defendant's objections as to vagueness, overbreadth, burdensomeness, substantive and temporal scope, proportionality, and relevance are not properly unsupported.  The requests are facially relevant and clearly worded.  This portion of Plaintiff's motion is **GRANTED**.

10

**4.      Statements regarding Plaintiff's claims.**

Request for Production No. 2 seeks "materials reflecting or containing statements made by any person concerning the underlying lawsuit and/or the incident described in Plaintiff's Complaint . . . ." (Doc. 37-2, at 1.) Defendant objected that the document request is vague, ambiguous, and overbroad. (Doc. 37-2, at 2.) Defendant also objected that the request "encompasses information protected by the attorney-client privilege and/or the work product doctrine." (*Id.*)

The Court is not persuaded by Defendant's objections as to vagueness, ambiguity, or overbreadth. These objections are overruled. The Court will, however, more closely address Defendant's claim of privilege.

Plaintiff's motion references several documents withheld by Defendant in response to this discovery request that were referenced in Defendant's privilege log.

> Among those being withheld are emails from the date of the subject incident, from two days later, and from eight days later, between Defendant's claims manager and several of its claims representatives, and its Manager of Train Operations. Further, there are emails from three days after the subject incident, between the claims manager and a claims representative, and emails from that same day between the claims manager and Defendant's Manager of Operating Practices. Defendant indicates that all emails were sent in regards to investigation of the alleged incident. (Exhibit 12 at 1.)

(Doc. 37, at 9.)

11

Plaintiff argues that the documents at issue do not qualify for work product protection.

> 'To establish the applicability of the work product privilege, [the withholding party] must show the following elements: '(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.' ' *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, No. 05–2192–JWL–DJW, 2008 WL 2548129, at *5 (D.Kan. June 23, 2008) (quoting *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D.Kan.2000) (citations omitted)).

*Olson v. Shawnee County Bd. of Comm'rs*, No. 12-2084-JTM-KGG, 2013 WL 1151481, at *3 (D. Kan. March 20, 2013).  "The party asserting immunity from discovery carries the burden of showing that all elements of the work product doctrine exist." *Frederick v. Swift Transport. Co., Inc*., No 06-1332-MLB-KMH, 2007 WL 2265504, at *1 (D. Kan. Aug. 6, 2007) (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 683, (D.Kan .2000)).

Defendant argues that its "amended privilege log, on its face, reveals that litigation was contemplated by Defendant in connection with the subject e-mails, since each of the e-mails is identified as having been sent or received by Defendant's claims/legal department in connection with its investigation."  (Doc. 40, at 11.)  The Court finds this reasoning to be disingenuous.  Not every document generated, created, or forwarded to a claims or legal department automatically qualifies for work

12

product protection.  *See **Frederick***, 2007 WL 2265504, at *1 (holding that an in camera review of the documents at issue therein revealed "the relatively normal business practice of gathering and preparing basic information concerning the driver and the truck which would occur with any vehicle accident and/or insurance claim").

Defendant has failed to establish that these documents – which were created within 8 days or less of the subject incident – were prepared in anticipation of litigation as opposed to in the ordinary course of business.  Defendant's objection is overruled.  This portion of Plaintiff's motion is **GRANTED**.

### 5.    Photos of the locomotive in question.

Request No. 24 asked for photos of the subject locomotive "that reflect its condition as it existed within 72 hours before the subject incident and through the present."  (Doc. 37-2, at 7.)  Defendant objects that the request, "as worded, may encompass information protected by the attorney-client privilege and/or the work product doctrine."  (*Id*.)  Defendant's privilege log identified photographs taken approximately six months after the incident at issue by a claims representative.

Plaintiff again argues that Defendant has not established the photographs were taken in anticipation of litigation.  (Doc. 37, at 10.)  Defendant has sufficiently established that the individual from the claims department who requested the photographs believed that there was a substantial likelihood of litigation when the

13

photographs were taken.  (*See* Doc. 40, at 12.)

Plaintiff argues, however, that the documents are discoverable even if work product protection applies.  "Work product protection is not absolute and discovery may still be permitted if the requesting party is able to show (1) a substantial need for the materials and (2) that the party is 'unable without undue hardship to obtain the substantial [sic] of the materials by other means.' Rule 26(b)(3)."  ***Frederick***, 2007 WL 2265504, at *1.  According to Plaintiff, he "cannot re-create the depictions in the photographs," which he contends are relevant to his claims.

The Court does not agree with Plaintiff in this regard.  It is undisputed that Defendant produced the only photographs taken on the day of the incident.  According to Defendant, "Plaintiff has failed to demonstrate why he has substantial need for photographs taken by [its] claim/law department several months after the alleged incident, particularly when he already has the photographs that most fairly and accurately depict the interior of the locomotive on the date Plaintiff claims he was injured." (Doc. 40, at 13.)  The Court agrees.  The photographs taken six months after the incident – when litigation was likely expected – are protected by the work product doctrine and Plaintiff has not established his substantial need for the photographs. Plaintiff's motion is **DENIED** in this regard.

## 6.    Inspection and maintenance reports for the subject locomotive.

14

Finally, Request No. 25 seeks reports "relating to the locomotive involved in the subject incident, including . . . reports relating to inspection, maintenance, defects, problems, or repairs for a period of three years prior to the subject incident through the present."  (Doc. 37-2, at 7.)  Defendant objects that the request is vague, ambiguous, overbroad in scope, and may encompass work product or attorney-client information.  (*Id.*)

As with the above requests, the Court overrules Defendant's objections as to vagueness, ambiguity, and overbreadth.  The request is clearly worded and reasonably limited both substantively and temporally.   The Court also overrules Defendant's privilege and work product objections as they relate to the documents discussed in regard to Request No. 2, above.  These documents were clearly created in the ordinary course of business.

Plaintiff also notes, however, that none of the documents produced "dates back more than one year before the subject incident."  (Doc. 37, at 11.)  Plaintiff argues that documents up to "three years before the subject incident through the present [are] highly relevant" because of his allegations of failure to provide reasonably safe equipment and failure to properly inspect and repair equipment.  (*Id.*)  Plaintiff continues that "prior defects or repairs of the subject locomotive will bear directly on the issues of forseeability [sic] and negligence."  (*Id.*, at 11-12.)

15

Defendant argues that the request constitutes "an improper omnibus request and is objectionable on its face" as it seeks "all reports and other materials relating to" the subject locomotive.  (Doc. 40, at 13.)

> Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America, Inc.***, 238 F.R.D. 648, 658 (D.Kan.2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 382 (D.Kan.2005) (internal citations omitted)).  'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.'  *Id*.  *See also* ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D.Kan.2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D.Kan.2003).
>
> Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.'  *Id*.  'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.'  *Id*.

***Union Pacific R. Co. Y. Grede Foundries, Inc.***, No. 07–1279–MLB–DWB, 2008 WL 4148591, at *4 (D.Kan. Sept. 3, 2008).

The Court finds that the omnibus term used in Request No. 25 is "sufficiently modified" because it limits the category of requested documents to those "relating to

inspection, maintenance, defects, problems, or repairs . . . ."  *See* ***Fox v. Pittsburg State University***, No. 14-2606-JAR-KGG, 2015 WL 7572301, at *3 (D. Kan. Nov. 24, 2015.)  There is nothing about Request No. 25 that is confusing or requires guesswork to answer properly.  Defendant's objections are overruled and it is directed to provide the requested materials for the period of time encompassing three years prior to the subject incident through the present.  Plaintiff's motion is **GRANTED** in this regard.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 34) is **GRANTED** as more fully set forth herein.  Supplemental responses shall be served within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 36) is **GRANTED in part** and **DENIED in part** as more fully set forth herein. Supplemental responses shall be served within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 21st day of June, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

17