## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-1287-EFM-KGG |
| ) | |
| UNION PACIFIC RAILROAD CO., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Now before the Court is Defendant's Motion for Protective Order.  (Doc. 42.)  For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

## BACKGROUND

Plaintiff filed his federal court Complaint against Defendant, his former employer, alleging claims under the Federal Employers' Liability Act and the Locomotive Inspection Act.  (Doc. 1.)  Plaintiff contends he injured his right ankle after slipping on water that allegedly was on the steps of a locomotive owned by Defendants.  (*Id.*)

Defendant's motion relates to a Fed.R.Civ.P. 30(b)(6) deposition notice served on Defendant by Plaintiff, seeking corporate representative(s) of Defendant

to testify regarding various enumerated issues.  (*See* Doc. 42-1.)  Each contested

category from the subpoena in the will be discussed in turn.

## DISCUSSION

**A.**     **Standards for Discovery and for Protective Orders.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at state in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit.  Information within this scope of discovery need
> not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.

Federal Rule of Civil Procedure 26(c) governs protective orders and

provides, in relevant part:

> A party or any person from whom discovery is sought
> may move for a protective order in the court where the
> action is pending....  The motion must include a
> certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an
> effort to resolve the dispute without court action.  The
> court may, for good cause, issue an order to protect a
> party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or

more of the following:

* * *

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

* * *

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. *Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Prior to addressing the specific categories to which Defendant objects, the Court will discuss the general objections Defendant has raised relating to Plaintiff's use of "omnibus" terms and requesting testimony regarding legal conclusions.

**B.    Omnibus Terms.**

Defendant raises the objection that certain topics enumerated in the

3

subpoena include improper "'omnibus' descriptions." (*See* Doc. 42, at 4, 11, 12, 15-16 (regarding Topics 12, 17, and 19 as well as Plaintiff's document request).) Defendant is referred to this Court's previous ruling in the present case, wherein this Court discussed the use of omnibus terms and described how they are not improper when they modify a specific category of information.

> Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America, Inc.***, 238 F.R.D. 648, 658 (D. Kan. 2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 382 (D. Kan. 2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id. See also* ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D. Kan. 2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D. Kan. 2003).
>
> Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Id. 'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.' *Id.*

(Doc. 47, at 16 (citing ***Union Pacific R. Co. Y. Grede Foundries, Inc.***, No. 07-1279-MLB-DWB, 2008 WL 4148591, at *4 (D. Kan. Sept. 3, 2008)).  Upon

specific review, the Court finds that the omnibus terms used in Plaintiff's topics to which Defendant has raised objection sufficiently modify specific types of information.  (*See* Doc. 42-1, at 3, 4, 5 regarding Topics 12, 17, and 19, as well as the document request contained in the subpoena.)  This objection is **overruled**.

## C.    Legal Conclusions.

Defendant objects that Rule 30(b)(6) depositions "are designed to discover facts, not contentions or legal theories . . . ."  (Doc. 42, at 4.)  Plaintiff responds that a deposing party is not precluded from inquiring as to the opposing party's legal positions.  (Doc. 45, at 5, citing ***Canal Barge Co. v. Commonwealth Edison Co.***, 98-C-0509, 2001 WL 817853, at *2 (N.D. Ill July 18, 2001) (internal citation omitted)).   Plaintiff is correct.  *See **P.S., et al. v. the Farm, Inc., et al.***, No. 07-2210-JWL, 2009 WL 483236, at *11 (holding that "while any objections based on . . . calling for a legal conclusion can certainly be raised during the Rule 30(b)(6) deposition, such objections do not constitute good cause to enter a protective order preventing a Rule 30(b)(6) deposition . . .").  As such, this objection of Defendant is **overruled**.

## D.    Contested Categories of Requested Testimony.

### 1.    Topic 1.

The first category of requested 30(b)(6) testimony calls for a deponent with

knowledge regarding

> [t]he facts and circumstances surrounding Plaintiff's
> September 29, 2012 incident, including the conditions of
> work and equipment involved, inspections and
> investigations conducted by Defendant in the ordinary
> course of its business and/or pursuant to federal safety
> laws and regulations, including interviews,
> managers/supervisors reports, reports of inspection,
> photographs, reproductions of any videos, discipline
> consideration and assessment for responsibility in
> causing injury.

(Doc. 42-1, at 2.)  Plaintiff has agreed to strike the "conditions of the work" phrase from this topic.  Even so, Defendant argues that the topic is "not stated with reasonable particularity and . . . is not proportional to the needs of the case."  (Doc. 42, at 5.)

Defendant contends that Plaintiff should be required to specify the "equipment" to which it is referring and limit it to "any part of the locomotive that could be relevant to Plaintiff's allegations."  (*Id*.)  The Court agrees.  This topic shall be so limited.  As discussed above, however, Defendant's objection that the requested testimony seeks "an improper legal conclusion" is overruled. Defendant's motion is **GRANTED in part** as to Topic 1.

### 2.    Topics 4 and 14.

These topics request a deponent to testify as to documents regarding inspection, repair, etc. of the refrigerator, inside walkways, and steps of the subject

6

locomotive for three years before through one year after the subject incident. (Doc. 42-1, at 2, 4.)  Defendant objects that the "topics lack reasonable particularity because they contain no limitations or guidance concerning what Plaintiff intends to inquire about int connection" with such documents over a four year time frame.  (Doc. 42, at 7.)  The Court does not agree.  The topics are sufficiently particular in regard to inspection, repair, maintenance, and modifications to specific areas of the locomotive.  Further, the requested time frame is reasonable.  Defendant's motion is **DENIED** in regard to Topic 4 and Topic 14.

### 3.    Topic 5.

Topic 5 requests a deponent to testify as to "[a]ll rules, policies, practices, procedures, and federal safety regulations regarding Defendant's inspection of its locomotives in effect on the date of the subject incident."  (Doc. 42-1, at 2.) Defendant objects that the topic is "not stated with reasonable particularity" as to the phrase "'all rules, policies, practices, procedures' in that it is unclear whether Plaintiff is seeking testimony concerning Defendant's internal rules . . . or . . . concerning some other rules . . . not specifically identified within the topic."  (Doc. 42, at 8.)  Defendant's contention that the topic is not stated with reasonable particularity is unfounded.  The topic, as worded, is unambiguous.

7

Defendant also argues that the topic "is not limited to inspections of the locomotive parts relevant to Plaintiff's claims." (*Id.*) While this proposed limitation seems reasonable, allowing Defendant to determine which rules and procedures for inspection of which locomotive parts it deems relevant to Plaintiff's claims would allow Defendant to unilaterally limit the topic. The Court will limit the topic to the to rules, policies, practices, procedures, and federal safety regulations applicable or relating to inepctions of the type of locomotive involved in this case in effect on the date of this subject incident. Further relevance objections may be resolved at the deposition, with or without Court assistance.

Additionally, as stated above, the Court overrules Defendant's objection that the topic seeks an improper legal opinion. This portion of Defendant's motion is **GRANTED in part** and **DENIED in part**.

**4.   Topic 9.**

This portion of the subpoena seeks a deponent to testify as to "Defendant's safety rules, policies, practices, and procedures, and federal safety regulations regarding slipping or tripping hazards on locomotives at the time of the incident." (Doc. 42-1, at 3.) As discussed above, the Court overrules Defendant's objection that the topic seeks an improper legal opinion. This portion of Defendant's motion is **DENIED**.

8

5.      **Topics 10 and 11.**

Topic 10 relates to employee reports of "falls, trips, and slips inside Defendant's locomotives" or complaints of related hazards (and responsive action taken) over a four year period.  (Doc. 42-1, at 3.)  Topic 11, relating to complaints and responsive action, is limited to locomotives "in the Herington Subdivision" while Topic 10 relating to employee reports has no such limitation.  (*Id.*)

Defendant objects that "these topics are not limited to reports or complaints of slips, trips or falls/slipping or tripping hazards that are substantially similar to those allegedly involved in Plaintiff's incident."  (Doc. 42, at 9.)  This objection is overruled.  The request is reasonably limited as to time and place.  It is not reasonable for Plaintiff to be limited to Defendant's subjective assessment of what hazards are "substantially similar."  This portion of Defendant's motion is **DENIED**.

6.      **Topic 12.**

Topic 12 seeks a deponent to testify as to "[a]ll complaints made to Defendant regarding defects and/or safety hazards associated with the refrigerators on Defendant's locomotives system wide" and responsive action, if any, over a four-year period.  (Doc. 42-1, at 3.)  Defendant argues that the topic should be limited to the refrigerator on the subject locomotive as opposed to system-wide.

(Doc. 42.)  Defendant also argues that the topic is not limited to water leaks from refrigerators.  (*Id*.)  The Court agrees that the topic should be limited as to water leaks from refrigerators, but does not agree that it should be limited to the subject locomotive.  Water leaks from refrigerators on other locomotives – and Defendant's response thereto, if any – is relevant to the claims at issue in this lawsuit.  This portion of Defendant's motion is **GRANTED in part** and **DENIED in part**.

### 7.    Topic 13.

This topic seeks a deponent to testify regarding all complaints Defendant received as to "defects and/or safety hazards associated with the refrigerator(s) on the subject locomotive" and responsive action taken, if any, over a four-year period.  (Doc. 42-1, at 3-4.)  Defendant objects that the topic is not sufficiently particular "because it seeks testimony about other 'safety hazards associated' with the refrigerator on the subject locomotive, without describing what other 'safety hazards' Plaintiff is referring to [sic]."  (Doc. 42, at 12.)  Because this topic is limited to the subject refrigerator – and not refrigerators on Defendant's locomotives system-wide – the Court finds the topic to be sufficiently particular.  The Court also finds the four-year time frame to be appropriate.  This portion of Defendant's motion is **DENIED**.

**8.     Topic 17.**

The next topic at issue is Topic 17, which seeks a deponent as to Defendant's "files and records . . . regarding Plaintiff, including Plaintiff's personnel, medical, and vocational rehabilitation files."  (Doc. 42-1, at 4.)  As stated above, the Court **overrules** Defendant's objection that the topic contains an "omnibus" term.   The Court also finds that the topic is sufficiently particular.  To the extent Defendant believes the topic encompasses work product materials, Defendant is instructed to provide an appropriate privilege log.  This portion of Defendant's motion is **DENIED**.

**9.     Topic 18.**

This topic requests a deponent as to Plaintiff's employment record, "including, but not limited to, training, both on-the-job and classroom instruction, written testing, certificates, discipline, attendance, personal injuries, and drug/alcohol/illicit substance testing."  (Doc. 42-1, at 4.)  Defendant objects that the topic is unclear as to what "employment record" means.  (Doc. 42.)  The Court finds that Plaintiff has provided a more than adequate list of descriptors as to what is encompassed by the term "employment record."  This portion of Defendant's motion is **DENIED**.

**10.     Topic 19.**

Topic 19 requests a deponent as to "communications between Union Pacific employees regarding Plaintiff's medical/physical condition and functioning, fitness for duty as assessed by Defendant, or return to work processes." (Doc. 42-1.) Defendant objects that the topic contains the improper omnibus terms "all communications." (Doc. 42, at 13.) As stated above, the Court finds the omnibus term in this topic to be sufficiently modified by the list contained in the topic.

Defendant also objects that because Plaintiff has not limited the request to specific employees, it may be required to search the e-mail accounts of more than 22,000 employees. Plaintiff responds that "because this topic has been limited to communication related to Plaintiff, Defendant should be able to search his name to produce responsive documents." (Doc. 45, at 13.) Although the response may require a certain amount of effort, the Court finds Plaintiff's request to be customary in cases in which an employee brings claims against a current or former employer. This portion of Defendant's motion is **DENIED**.

## 11.   Topic 21.

The parties have resolved their issues relating to this topic. (*See* Doc. 42, at 14 and Doc. 45, at 13.)

## 12.   Topic 22.

The final topic seeks a deponent regarding "Plaintiff's earnings records since

2007, and earnings records for the three persons listed above and below Plaintiff on the applicable seniority roster." (Doc. 42-1, at 5.)  Defendant contends the information requested is irrelevant and disproportionate to the case. (Doc. 42, at 14.)  Plaintiff responds that the information "is highly relevant because it relates to damages." (Doc. 45, at 13.)  Plaintiff also argues that Defendant's position is "puzzling, as it has already produced the wage records of the other employees . . . ." (*Id.*)  Defendant does not dispute this in its reply brief. (*See generally* Doc. 46.)  Because the documents have been produced, the Court finds Defendant's objections regarding providing a deponent to be unreasonable.  This portion of Defendant's motion is **DENIED**.


**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 41) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 25th day of August, 2016.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

13